IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM FRANK OSBORNE,

        Petitioner,

    v.

SUPERINTENDENT SUNDQUIST,

        Respondent.

Case No. 3:25-cv-01304-HZ

OPINION AND ORDER

William Frank Osborne
22559896
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, OR 97741

    Petitioner, *Pro Se*

Dan Rayfield, Attorney General
Daniel T. Toulson, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the Umatilla County Circuit Court's March 6, 2025 Judgment denying him mandamus relief. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner is incarcerated within the Oregon Department of Corrections ("ODOC") where he is serving a 120-month sentence after pleading guilty to three counts of Sexual Abuse in the First Degree in Wasco County in 2019. Respondent's Exhibit 101. In 2022, he applied for state habeas corpus relief on the basis that ODOC personnel were not meeting his medical needs. The state habeas court determined that Petitioner suffers from Post-Traumatic Stress Disorder, ruled in his favor, and directed ODOC to provide him with appropriate medical care. *See* Respondent's Exhibit 116, pp. 3-4; Respondent's Exhibit 117, pp. 1-2.

On August 19, 2024, approximately five months after he obtained a favorable decision in his state habeas case, Petitioner filed a state mandamus action in which he asked the Umatilla County Circuit Court to order his warden to release him. In doing so, Petitioner asked the mandamus court to utilize a civil commitment statute to void his Wasco County criminal judgment. That statute, ORS 426.130(1)(a)(A), provides in part as follows:

> (1) After hearing all of the evidence, and reviewing the findings of examiners, the court shall determine whether the person has a mental illness and is in need of treatment. If, in the opinion of the court, the person:
>
> (a) Is a person with mental illness based upon clear and convincing evidence, the court:
>
> (A) Shall order the release of the of the person and dismiss the case if:

> (i) The person is willing and able to participate in treatment on a voluntary basis; and
>
> (ii) The court finds that the person will probably do so.

Petitioner argued that the statute plainly provided for his release given his PTSD diagnosis. Respondent's Exhibit 113. The State argued that Petitioner's mandamus action was barred by laches and, more fundamentally, mandamus relief was unavailable because Petitioner's case concerned compelling action by a trial court, not his warden (who was the only named responsive party to the mandamus action). Respondent's Exhibit 112.

The mandamus court agreed that not only did laches bar the action, but also that Petitioner was seeking to compel action by a defendant who had no statutory duty to act. *Id.* at 3. The mandamus court also recognized that Petitioner had filed the same mandamus action in the Oregon Supreme Court, and that the Chief Justice had denied relief five months before the Umatilla County Circuit Court issued its Opinion Letter. *Id.* Petitioner did not appeal the Circuit Court's decision.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on July 24, 2025. He asserts that the Umatilla County Circuit Court's decision to deny mandamus relief violated his federal right to due process of law because the Circuit Court refused to enforce ORS 426.130. Respondent asks the Court to deny relief on the Petition because: (1) The Petition fails to state a claim for relief; (2) Petitioner's due process claim is procedurally defaulted; and (3) ORS 426.130 does not entitle Petitioner to relief.

## DISCUSSION

I. **Failure to State a Claim**

Respondent first argues that although Petitioner attempts to couch his claims in terms of his right to federal due process, he is actually attempting to challenge a state court ruling on matters of state law. While it is "not the province of a federal habeas court to reexamine state-court

3 – OPINION AND ORDER

determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), Petitioner is attempting to plead his claim as arising under the Due Process Clause of the Fourteenth Amendment. Although it may bear out that his federal claim is wholly dependent upon a reexamination of state law that is not a proper inquiry for this Court to make, such a potential resolution does not lead to the conclusion that Petitioner has failed to state a federal claim for pleading purposes. The Court therefore declines to dismiss the Petition on this basis.

## II.   Exhaustion and Procedural Default

Respondent next argues that Petitioner failed to fairly present his federal due process claim to Oregon's state courts. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause

and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, Petitioner did not appeal the Umatilla County Circuit Court's denial of his mandamus petition. Although he presented a substantially similar claim to the Oregon Supreme Court, he did so in an entirely different mandamus action that predated the Circuit Court judgment he challenges in this case. Because the time for Petitioner to appeal the Circuit Court's decision passed long ago, his due process claim is procedurally defaulted and ineligible for review on its merits. Even if Petitioner had not defaulted his due process claim, the Court has reviewed the claim's merits and concludes that it lacks merit.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. Because the Petition does not entitle Petitioner to relief, his pending Motion for Summary Judgment (#13) is denied.

The disposition of this 28 U.S.C. § 2254 habeas corpus case does not involve a challenge to Petitioner's Wasco County criminal judgment dated January 25, 2019. Consequently, any challenge to the Wasco County judgment should not be considered successive due to the resolution of Petitioner's challenge in this case.

///

///

///

///

The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

December 22, 2025
DATE

*Marco Hernandez*
Marco A. Hernandez
United States District Judge